UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAXIME E. GOURGEOT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1621** |
| **UNITED STATES POSTAL SERVICE** | **SECTION: "C" (3)** |

### ORDER

    Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. (hereinafter "Def. Mtn") (Rec. Doc. 42.) Considering the arguments of parties, the facts of the case, and the applicable law, this Court DENIES defendant's motion for the reasons below.

**I. BACKGROUND**

    Plaintiff and his wife seek damages under the Federal Tort Claims Act ("FTCA"), 28 U.S. C. § 2671 *et seq.*[1] In May 2005, plaintiff, Maxime Gourgeot, Jr. alleges he was exiting the United States Post Office in Bogalusa, Louisiana, when he slipped descending the stairs. Plaintiffs allege "there was debris on the stairs," "the stairs were in disrepair," "there was no non-skid surface on the steps." Pltf's Opp. Def. Mtn. 1.

---

[1] Defendant concedes plaintiff has exhausted his administrative claim. Def. Mtn. 1.

The first issue in this case is whether plaintiff <u>must</u> name a specific employee whose conduct resulted in plaintiff's injuries to state a claim for premises liability under the FTCA. Defendant seeks dismissal of this action under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  Defendant argues that the FTCA does not permit general premises liability claims because the FTCA requires individual acts of negligence by specified federal employees. Plaintiffs argue that district courts in Louisiana have allowed FTCA claims for general premises liability to proceed so long as they were premised on a negligence theory of recovery, even when no individual defendant was named.

The second issue is whether plaintiffs have established the elements of general premises liability. Defendant seeks summary judgment under Fed. R. Civ. P. 56(e) for failure to establish a genuine issue of material fact.

**II. ANALYSIS**

**A. FTCA Claim**

Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint.  *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).  "[N]o presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez v. Department of Navy,* 392 F.3d 147, 149 (5th Cir. 2004).

The FTCA provides a limited waiver of federal sovereign immunity and allows the United States to " be liable [. . . ]in the same manner and to the same extent as a private

individual under like circumstances." 28 U.S.C. § 2674.  Liability is determined "in accordance with the law of the place where the act or omission occured."  28 U.S.C. § 1346(b)(1).  Furthermore, the FTCA is the exclusive remedy available to claimants for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 2679.

Whether or not the FTCA permits premises liability claims where plaintiffs do not name an individual has appeared in the margins of several Fifth Circuit cases, but has not been addressed directly.  In 1967, the Fifth Circuit reversed the lower court's holding that plaintiff was contributorily negligent when she slipped on an icy step exiting a United States postal office.  *Salim v. United States*, 382 F.2d 240 (1967).[2]  More recently in *Kennedy v. Texas Utilities et al.*, the Fifth Circuit reversed the district court's finding that the United States (substituted for the U.S. Army Corps of Engineers) was immune under the Flood Control Act, thereby allowing plaintiff's claims for premises liability and negligence to proceed.  179 F.3d 258 (1999).

In the absence of binding Fifth Circuit precedent, the district courts are split.  Several district courts have held that the FTCA does not waive immunity for claims of general premises liability, relying on *Perkins v. United States*, 1999 WK 148442 (E.D.La)(Sears, J.) and *Cupit v. United States*, 964 F. Supp. 1104 (W.D.La. 1997)(Little, J.).  *See e.g.*, *Charles v. United States Postal Service*, 2007 WL 925899 (E.D.La)(Africk, J.); *Centanni v. United States Postal Service*,

---

[2] Although this was before the U.S. Supreme Court held that the FTCA did not permit strict liability claims in *Laird v. Nelms*, 406 U.S. 797, 803 (1972), as Judge Doherty notes, *Salim* is nevertheless important as an example of applying a negligence standard to a premises liability claim under the FTCA.  *Janice v. United States*, 2008 WL 269530 at *6.

2004 WL 385057 (E.D.La)(Engelhardt, J.) *but see Janice v. United States*, 2008 WL 269530 (Doherty, J.)(allowing FTCA premises liability to proceed so long as the claim does not concern an unknown, inherent defect); *Jamison v. United States*, 491 F. Supp. 2d 608 (W.D.La. 2007)(Melancon, J.) (allowing FTCA premises liability claim to proceed). But both *Perkins* and *Cupit*, and therefore *Charles* and *Centanni*, rely on an overbroad reading of a Fourth Circuit case addressing the application of the FTCA as to independent contractors. *Berkman v. United States*, 957 F.2d 108 (4th Cir. 1992)(holding that the FTCA only provides jurisdiction for torts by federal employees and not independent contractors); *see also Jamison*, 491 F. Supp. 2d at 617-619 (allowing FTCA premises liability claim without named individuals to proceed after a thorough review of *Berkman*).

In *Berkman*, the plaintiff sued the Federal Aviation Authority after he slipped on hydraulic fluid at Dulles Airport. 957 F.2d 108. The principal issue in that case was whether the United States, under the FTCA, could be held liable for acts of independent contractors, namely the maintenance company. *Id*. In that context, the Fourth Circuit noted, "the FTCA requires a more focused approach that requires the courts to *determine the relationship to the United States of the actor* whose negligence might be imputed to the government under state law." *Id*. at 113, *quoted in Cupit*, 964 F. Supp. At 1112; *Perkins*, 1999 WK 148442 at *2; *Centanni*, 2004 WL 385057 at*2.

*Berkman* was concerned with distinguishing whether the government could be held liable for actions by an independent contractor through the non-delegable duty doctrine. 957 F.2d at 112. *Cupit* seized on *Berkman*'s language that "nothing in the language of the act or in the legislative history of the FTCA [indicates] that Congress considered the existence of a

4

generalized liability, attributable to the United States based on any breach of a state defined duty" and applied it indiscriminately to plaintiffs claims against independent contractors and against the United States directly. *Cupit*, 964 F.Supp.at 1112.  But the context of *Berkman* concerned whether such "generalized liability" covered actors *beyond* federal employees.[3] Indeed, the *Berkman* court noted Congress placed the focus "upon the person or entity whose tortious conduct a plaintiff seeks to impute to the United States" to invoke the FTCA.  957 F.2d at 113 (emphasis added). "The government of the United States can only act through people," and the FTCA "divides the universe of persons through which the United States may act into two general classes, "employee[s] of the Government" and "contractor[s]." *Id*. at 112.

Defendant has not alleged, as in *Berkman*, that any other non-government party was responsible for maintenance or repair of the front steps at the Bogalusa post office.  Defendant has not provided any evidence that an independent contractor, and not federal employees, had maintained that area in the past.  Therefore, applying the logic of *Berkman*, as found in *Centanno*, *Charles*, *Cupit*, and *Perkins*, to the facts of this case would be inappropriate.

In the alternative, it is worth noting that "amendments in federal court are freely allowed, so long as no undue prejudice would result." *Thompson v. New York Life Ins. Co.*,  644 F.2d 439, 444 (5th Cir. 1981).  In this case, allowing the plaintiff to amend to name specific employees

---

[3] *Berkman*, in referring to "generalized liability," may also have been alluding to the fact that the FTCA does not provide jurisdiction for strict liability claims.  *See Laird v. Nelms*, 406 U.S. 797, 803 (1972).  Prior to legislative action in 1996, Louisiana law held owners of property strictly liable for premises liability claims.  *See Loesner v. Parr*, 321 So. 2d. 441 (1975).  In 1996, however, the legislature enacted Article 2317.1, which specifically required a negligence standard for premises liability cases, i.e. that the defendant had actual or constructive knowledge of the premises defect. Hence, under Louisiana law, defendant may not be "strictly liable" as a property owner.

would not be prejudicial to the United States, since it clearly has notice of the claim and the circumstances thereof. Moreover, defense counsel participated during the deposition of several postal employees by plaintiffs.

This outcome is also consistent with this Court's previous decision in *Slagle v. United States*. 2003 WL 1618570. In that case, this Court did not discuss premises liability at all, but rather plaintiff's claims of negligence.[4] The Court ordered plaintiff to amend her complaint to more clearly specify her claims of negligence and how that negligence caused the plaintiff's accident. But in this case, the premises liability claims, based on a theory of negligence, are more clearly presented. Plaintiff alleges he fell on an exterior step. In their complaint, plaintiffs allege the U.S. Postal Service was negligent in failing to keep the stairways free of hazardous conditions, like excessive slipperiness. In their opposition, they also allege the U.S. Postal Service failed to clear debris from the steps. Plaintiffs also allege that defendant had actual or constructive knowledge of the dangerous slippery condition of the exterior steps.

Accordingly, this Court finds that plaintiffs have stated a claim under the FTCA and this Court has subject-matter jurisdiction to adjudicate that claim.

**B. Elements of Premises Liability**

Defendant moved for summary judgment for plaintiffs' failure to demonstrate a genuine

---

[4] In fact, plaintiff's claims that arguably could have been brought under premises liability ("failing to maintain a safe walking area; failing to provide for safety of persons walking on the premises") were struck for lack of relevance to her claimed injury, falling off a pallet. *Slagle v. United States*, 2003 WL 1618570 at *2.

material fact in dispute as to the elements of premises liability. Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n*., 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

To establish premises liability under Louisiana law, plaintiffs must show that:

(1) the property which caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was

a cause in fact of the resulting injury; and (4) that defendant had actual or constructive knowledge of the risk.

*Vinccinelli v. Musso*, 818 So.2d 163, 165, (La.App. 1 Cir., 2002).

Plaintiffs have provided sufficient evidence to defeat defendant's motion for summary judgment. Plaintiffs' expert opines, based on his inspection and testing of the steps, that the steps did not provide the standard amount of friction and therefore were unreasonably slippery. A postal employee testified that he saw the plaintiff as he was sitting on the ground/concrete, his ankle looked obviously hurt, and that he assisted plaintiff onto the gurney. Defendant employees testified in deposition that they specifically tried to counter the slipperiness of the step by first applying non-skid tape and then painting the steps with an aggregate paint additive. The testimony also suggests that there had previously been an accident on those steps, further suggestive of actual or constructive knowledge by the defendant. There exist genuine issues of material fact as to whether the steps presented an unreasonable risk of harm; whether the steps were the cause in fact of the injury; and whether the defendant had actual or constructive knowledge of the risk.

Accordingly,

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Rec. Doc. 42) is DENIED.

New Orleans, Louisiana, this 24th day of October, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**