UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAXIME E. GOURGEOT, ET AL                     CIVIL ACTION

VERSUS                                         NO. 07-1621

UNITED STATES POSTAL SERVICE                  SECTION: "C" (3)

## ORDER AND REASONS

Before the Court is plaintiffs' Motion for a New Trial (Rec. Doc. 85). Defendant opposes. (Rec. Doc. 87.) The motion was taken under advisement on the briefs without oral argument. Based on the memoranda of parties, the record, and the law, the Court DENIES plaintiffs' motion for the following reasons.

## BACKGROUND

Plaintiff, Maxime Gourgeot, and his wife, Sylvia, sought damages under the Federal Tort Claims Act ("FTCA"), 28 U.S. C. § 2671 *et seq*. On May 2, 2005, plaintiff, Maxime Gourgeot, Jr. exited the United States Post Office in Bogalusa, Louisiana, when he slipped descending the stairs. Plaintiff sustained serious injuries as a result of the fall, including a broken ankle, aggravation of a pre-existing back injury, and multiple bruises and contusions.

This matter was tried before the Court without a jury on November 17, 2008. On January 29, 2009, the Court ruled in favor of the defendant, finding that the plaintiff had failed to prove

that the steps on which the plaintiff fell were unreasonably dangerous. (Rec. Doc. 83.)

## LAW AND ANALYSIS

Plaintiff's motion seeks a new trial under Rule 59(a) of the Federal Rules of Civil Procedure. (Rec. Doc. 85-2 at 2.) Rule 59(a) states in relevant part:

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> . . .
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

"Any such motion must be based upon manifest error of law or mistake of fact and a 'judgment should not be set aside except for substantial reasons.'" *Theriot v. Parish of Jefferson,* 966 F.Supp. 1435, 1452 (E.D.La. 1997)(citing 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2821, at 136 (1973) and 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2804, at 53 (1995)).

Plaintiffs fail to cite any substantial reason for the Court to revisit her prior opinion. Plaintiffs' motion does not allege that this Court applied an incorrect standard of law. Instead, the motion simply re-urges arguments and evidence presented during the trial of this matter. The Court remains convinced that the plaintiffs failed to sustain their burden of proof regarding whether the stairs were "unreasonably dangerous." Plaintiffs quarrel with this Court's citation to Mr. LeBoeuf's testimony. The Court found the testimony of Mr. LeBoeuf to be credible and has no reason to believe that Mr. LeBoeuf perjured himself in testifying that no previous accidents had been reported to him since 2000. (Rec. Doc. 85-2 at 4.) More fundamentally, plaintiff confuses a defect on the premises, which the defendant attempts to correct for, and an

"unreasonably dangerous" defect under the standard announced in *Hutchinson v. Knights of Columbus*, 866 So.2d 228, 235 (La. 2004). "The fact that an accident occurred as a result of a defect, however, does not elevate the condition of the thing to that of an unreasonably dangerous defect." *Durmon v. Billings,* 873 So.2d 872, 876, 38,514 , 7 (La.App. 2 Cir. 2004).

## CONCLUSION

Accordingly and for the reasons stated above,

**IT IS ORDERED that plaintiffs' Motion for a New Trial (Rec. Doc. 85) is DENIED.**

New Orleans, Louisiana, this 26th day of March, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**